Ilsley, J.
In the'year 1856, a resolution was adopted and passed by the common council of the city of New Orleans, whereby the city hound itself to pay to any person who should discover and make report, and give due information of the location and description of any real estate in the city belonging to it, of which there was no record on the books of the city, and to which it should appear that the said city had a valid title, a commission of five per cent, on the value of the same was promised. It is shown that the plaintiff did discover and make report, and give due information of certain real estate in the city of New Orleans, belonging by good title to the city, and of which there was no record in its books, to the value of sixty-three thousand one hundred and fifty dollars, and of which the city took undisputed possession, and sold in the year 1858, subsequent to its discovery and the report thereof by the plaintiff. The finance committee of the city, and the city comptroller, recognized tho services and the commissions due to the plaintiff, and the city, through its proper officers, paid the amount to the plaintiff. On tho 26th August, 1863, the plaintiff was arrested, and confined a prisoner under the order of General Weitzel, approved by Major-General Butler, and was detained in prison, in consequence of the receipt and collection by him from the city of the above commissions, amounting to $3,182 50, which he was forced to return under duress to the city.
*275 The city filed a peremptory exception to the plaintiff’s action, -which was properly dismissed.
It was in effect a plea of res adjudícala; that the acts of the commanding-general complained of, done in time of war, while martial law prevailed, which was paramount, was therefore final and conclusive; and that the remedy, if any the plaintiff have, must be sought at the hands of of the government, and not from those of the courts.
This exception would, perhaps, have been worthy of consideration, had any trial of the question involved in this suit taken place before any military tribunal, and a final decision rendered thereon; but, apart from the query, whether the plaintiff, who was a civilian, and could notlegnlly be deprived of his property without due process of law, the action of the military merely forced the plaintiff to place matters in slain quo, until his right to the fund could be determined by some competent tribunal, either military or civil; and as the military authorities did not deem it within their province to pass upon the plaintiff’s rigid to the commission claimed, it behooves the civil tribunals of the country to do so, as the case is properly before them.
The plaintiff, at the time the services for which he claims commissions were rendered, was the city surveyor; and it is urged against him, by’way of defence, that he is not entitled to extra compensation, as those services formed a part of his official duties.
There is nothing in the charter, or the city ordinances, to sustain this defence; indeed, it can hardly be supposed, that had the duty devolved on the surveyor to discover properties belonging to the city, to which it had no clue, it would have offered a recompense to all persons, indiscriminately, to make -the search, without a preliminary requisition on their salaried officer to seek for the required information.
The discovery made by the plaintiff was not from plans, papers, or documents in Ms office; it was the result of his indefatigable and persevering exertions, that the information was obtained from the mortgage and conveyance offices, and from other sources.
The city, voluntarily, held out to whomsoever would prosecute the search in its behalf a liberal compensation, if it proved successful and in proportion to the services rendered; and it is abundantly shown, in the record in this case, that the plaintiff has performed his task faithfully, efficiently and profitably for the city; and upon every principle of law and equity the city should and must keep its faith with him.
His claim was duly credited by the proper municipal authorities, and but for the military interference not to be resisted, would have been long since definitely paid, without objection on the part of the city.
It is therefore ordered, adjudged and decreed, that the judgment of (he District Court be affirmed, at the costs of the appellant.